U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 3 1 2008

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY
SHREVEPORT

Order

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JUAN P. VERRETTE | CIVIL ACTION NO. 07-547-P |
| VERSUS | JUDGE DONALD E. WALTER |
| KIANTONIA J. MAJORS, ET AL. | MAGISTRATE MARK HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss, or in the alternative, Motion to Quash Pursuant to Federal Rule of Civil Procedure 12(b)(5), filed on behalf of Defendant Kiatonyia J. Majors. [Record Document 78]. For the following reasons, Defendant's Motion is **DENIED**. However, the Court *sua sponte* orders that Plaintiff's claims against Linda Ramsey and Sgt. Beene be **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process on either defendant.

I.  **FACTUAL BACKGROUND**

In March 2007, Plaintiff Juan P. Verrette ("Plaintiff") filed *in forma pauperis* the instant matter alleging violations of his civil rights while confined at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. On October 17, 2007, the Court issued a Memorandum Order directing the Plaintiff to file a copy of the amended complaint and two completed summonses for each Defendant in the action.[1] The Order also directed the Clerk of Court to serve by United States Marshal a copy of the completed amended complaint and summons on each Defendant. [Record

---

[1] Kiatonia J. Major, Karen Hoyle, Mike McDaniel, Sgt. Pietsche, Sgt. Ray, Sgt. Beene, Dr. Hearn, Angie Huff, John Doe 1-5, Jane Doe, J. Goodwin, Linda Ramsey, Charles Cody and Becky Moss were all named as Defendants.

1

Document 11]. On November 26, 2007, Plaintiff was granted an extension until December 31, 2007, to file the summons forms and a completed copy of the complaint. [Record Document 16]. On January 9, 2008, after having failed to comply with the order, Plaintiff was ordered to file, within 30 days, a copy of the amended complaint and completed summonses for each Defendant. [Record Document 24]. Plaintiff filed a copy of his amended complaint on January 28, 2008, and the court again reminded Plaintiff of his duty to file summonses for each defendant. Finally, on February 12, 2008, the Clerk issued summons for each of the twelve named defendants. [Record Document 30].

On February 14, 2008, Defendant's Mike McDaniel, Angie Huff, Sgt. Ray, Sgt. Pietsche, Karen Hoyle, Charles Cody, Becky Moss, J. Goodwin, and Dr. Hearn filed an Acknowledgment of Service.[2] However, on that same day, the Deputy Marshal returned the summonses for Linda Ramsey and Sgt. Beene unexecuted. [Record Documents 34, 37]. On the summons returned for Defendant Kiatonia Major ("Major"), the box stating "[a] persons of suitable age and discretion then residing in defendant's usual place of abode" was checked, but said person was not identified. In the remarks section, the Deputy Marshal indicated the following: "not employed[,] on extended leave[,] no forward address." [Record Document 46]. The Clerk's office requested clarification as to whether the summons was returned "served or returned unexecuted." The United States Marshal's office replied: "means it was served to a person of suitable age." *Id.* The Clerk's office then noted that the summons was returned as executed.

Despite the apparent sufficient service of process as to Defendant Major, she claims that she was never served with a copy of the complaint or the summons. She filed the instant motion

---

[2]The Court dismissed Plaintiffs claims against Mike McDaniel, Sgt. Pietsche, Sgt. Ray, Dr. Hearn, and Angie Huff on August 25, 2008, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Record Document 72].

2

requesting that the claims against her be dismissed for insufficiency of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Alternatively, Defendant Major requests that the defective service be quashed.

## II. LAW AND ANALYSIS

### A. Deficient Service of Process

When a defendant timely objects to the sufficiency of service of process, the plaintiff bears the burden of establishing its validity. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). If the plaintiff is unable to demonstrate sufficiency of service of process, Federal Rule of Civil Procedure 12(b)(5) allows for dismissal of the plaintiff's claims.

If the plaintiff is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) mandates that service to be made "by a United States marshal or deputy marshal or by a person specifically appointed by the Court." It is well-settled in the Fifth Circuit that an incarcerated litigant proceeding *in forma pauperis* is entitled to rely upon the United States Marshals for sufficient service and should not be penalized for failure of a Deputy Marshal to properly effect service of process. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, if the failure to properly serve a defendant is due to any fault on the plaintiff, he is not entitled to rely on the U.S. Marshals. *Id.* Further, if the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them. *Id.*; *see also Elilbee v. Leonard*, 226 Fed.Appx. 351 (5th Cir. 2007).

In the present case, Defendant Major does not argue, nor could she, that the insufficient service was due to the fault of Plaintiff. Plaintiff properly completed the summons form, providing Defendant Major's full name and address so that a Deputy Marshal could properly effect service on

3

her. Rather, Defendant Major argues that "the Clerk's Office raised a 'flag' that there was an issue with regard to the summons for defendant Major being properly served." [Record Document 78-3]. She also contends that the return was defective on its face because part of the summons return indicated that the service was effected at the residence, while another part indicated that there was no forwarding address from DWCC for her to be served. *Id.*

Defendant Majors is correct with respect to the deficiency on the face of the summons that was initially returned by the Deputy Marshal. However, the Clerk recognized this deficiency and requested clarification from the Deputy Marshal who informed them that the summons had been served "to a person of suitable age." The Clerk's office then noted that the summons was returned executed. [Record Document 46]. Thereafter, there were no "flags" that could have alerted Plaintiff to the alleged insufficiency of service of process.[3] Plaintiff was not aware of any defects, nor should he have been aware, and thus cannot be at fault for failure to remedy such defects. Accordingly, an order dismissing Plaintiff's claims against Defendant Major or an order quashing service is not warranted in this matter.

B.  **Summons Returned Unexecuted**

---

[3]Defendant Major's motion states that Deputy Marshal Thomas Attaway was contacted on Monday, October 6, 2008. Deputy Marshall Attaway reviewed the summons return and expressed that the box indicating service on "a person of suitable age and discretion" was improperly checked, that the box stating "I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above." Deputy Marshal Attaway stated that the summons was returned unexecuted and that Defendant Major had not been served with the plaintiff's lawsuit. *See* Record Document 78-3, n.1.
 Even if this court is to take this allegation as true, it does not alter the fact that the Plaintiff was unaware of the deficiency. The Deputy Marshal's note confirming that the summons and complaint were left "with a person of suitable age" and the Clerk's entry that the summons was returned executed would not have put Plaintiff on notice that there was a deficiency.

4

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period...

In addition to Rule 4(m), Rule 41(b) provides, in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although Rule 41(b) provides for dismissal only on motion of the defendant, it has been repeatedly held that a court has inherent power to dismiss *sua sponte* for lack of prosecution. *See Link v. Wabash R. Co.*, 370 U.S. 626 (1962).

In the present matter, the summonses for Linda Ramsey and Sgt. Beene were returned unexecuted. [Record Documents 34, 36]. The return of summons for Linda Ramsey stated that she no longer worked at DWCC. The return of summons for Sgt. Beene indicated that there were three different Beene's, two of which were no longer employed at DWCC and left no forwarding address. In his opposition to Defendant Major's Motion to Dismiss, Plaintiff asserts that dismissal is not warranted because he has been unable to ascertain the full name and last address of Ramsey or Beene. Nevertheless, the Court finds that Plaintiff has failed to exercise due diligence in ascertaining either the name and address of these defendants or in effecting service upon them.

On October 17, 2007, approximately seven months after the complaint was filed, the Court ordered Plaintiff to file with the Clerk summons forms for each defendant and further ordered that the U.S. Marshal's serve each defendant. This Order granted Plaintiff an opportunity to have process served beyond the 120-day period provided for by Rule 4(m). On November 26, 2007, the Court granted Plaintiff an extension until December 31, 2007, to file the complaint and summonses.

5

Plaintiff failed to comply with this either of these orders. On January 9, 2008, the Court granted Plaintiff an additional 30-day extension to file the summons forms and again reminded him of the order on January 28, 2008. The forms were subsequently filed and summons were issued for each defendant on February 12, 2008. Plaintiff undoubtedly was given ample time by the Court to ascertain the names and addresses of each defendant and to have the summons and complaint served on defendants by the U.S. Marshal's. Moreover, despite the fact that the summonses for Ramsey and Beene were returned unexecuted on February 14, 2008, Plaintiff has made no further attempt whatsoever to have these defendants properly served.

Plaintiff's memorandum is accompanied by an affidavit from his counsel stating that he conducted searches of addresses for Beene and Ramsey in the Louisiana database on the intellius.com website. [Record Document 81]. Plaintiff's counsel attached the results of this search to his affidavit as evidence of the difficulty in ascertaining the defendants' names and addresses. However, the results indicate, and counsel admits, that the search was performed on October 26, 2008, only two days before Plaintiff's memorandum was filed in opposition to Defendant Major's Motion to Dismiss. *Id.* In other words, the search was not performed until nineteen months after Plaintiff filed his complaint and more than one year after the Court first ordered Plaintiff to obtain such information. Counsel's search is wholly irrelevant and serves only to demonstrate Plaintiff's lack diligence to comply with the Federal Rules of Civil Procedure and the Court's orders.

Consequently, because defendants have yet to be served and Plaintiff has failed to exercise due diligence or demonstrate "good cause," the Court *sua sponte* dismisses without prejudice Plaintiff's claims against Linda Ramsey and Sgt. Beene.

III. **CONCLUSION**

Defendant Major failed to demonstrate why Plaintiff should have been alerted to the alleged deficiency in the service of process. Plaintiff is entitled to rely on the United States Marshal's to properly effect service, and he will not be penalized for insufficiency that was not due to any fault of his own. Thus, Defendant Major's Motion to Dismiss, or in the alternative, Motion to Quash, is **DENIED**.

Nevertheless, the Court has addressed on its own motion the sufficiency of service of process for Defendants Linda Ramsey and Sgt. Beene. The court finds that Plaintiff failed to effect service on either defendant. Therefore, the Court *sua sponte* dismisses without prejudice all of Plaintiffs claims against these two defendants.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 31 day of Oct, 2008.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JUAN P. VERRETTE | CIVIL ACTION NO. 07-547-P |
| VERSUS | JUDGE DONALD E. WALTER |
| KIANTONIA J. MAJORS, ET AL. | MAGISTRATE MARK HORNSBY |

## ORDER

Before this Court is a Motion to Dismiss, or in the alternative, Motion to Quash Pursuant to Federal Rule of Civil Procedure 12(b)(5), filed on behalf of Defendant Kiatonyia J. Majors. [Record Document 78]. For the reasons assigned in the foregoing Memorandum Ruling, **IT IS ORDERED** that:

(1) Defendant Major's motion be and is hereby **DENIED**, and

(2) Plaintiff's claims against Linda Ramsey and Sgt. Beene be and are hereby **DISMISSED WITHOUT PREJUDICE.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 31 day of Oct, 2008.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE