U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUL 29 2011

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JUAN P. VERRETTE | NO. 07-CV-00547 |
| VERSUS | JUDGE DONALD E. WALTER |
| KIATONYIA J. MAJOR, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

A jury trial in the above-captioned matter was held from July 11, 2011, through July 13, 2011. On July 13, 2011, the Court instructed the jury on the law of the case, and the jury began deliberations. On July 14, 2011, the jury returned a verdict on Questions 1 and 2 of the Jury Interrogatories, but it was hung with respect to the other questions. [Doc. #186]. The Court accepted the jury's answers to Questions 1 and 2, which found that defendants Kiatonyia Major and Karen Hoyle were not liable to the plaintiff. [Id.]. Finding the jury hung with respect to the liability of defendant Jerry Goodwin, the Court dismissed the jury from further deliberations.

During the course of the trial, counsel for the defendants properly moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 on the issues of qualified immunity, failure to exhaust administrative remedies, and punitive damages. [Doc. #184]. After dismissing the jury, the Court orally granted the defendants' Rule 50 motion with regard to the plaintiff's claim for punitive damages against defendant Goodwin. [Doc. #186]. The Court also instructed plaintiff's counsel to brief the Court on the issue of qualified immunity. [Id.]. After review of the plaintiff's brief and considering the evidence presented at trial, Goodwin's Rule 50 motion on qualified immunity is

granted.[1]

"Judgment as a matter of law is appropriate with respect to an issue if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on that issue." *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir. 2004) (quotation and citation omitted). When considering a Rule 50 motion, the court must "review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party" and must "not make credibility determinations or weigh the evidence." *Id.*

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* 129 S.Ct. 808, 818 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). There are two elements to an inquiry of whether a person is entitled to the protections of qualified immunity: 1) whether a violation of a constitutional right has been alleged or shown and 2) whether the right at issue was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). Under this standard,

---

[1] Because the Court is granting the Rule 50 motion on the issue of qualified immunity, it does not address the issue of failure to exhaust administrative remedies.

[2] While *Saucier* required district courts to apply the two-prong test for qualified immunity in that order, the Supreme Court has since loosened that requirement. In *Pearson*, the Court overturned the strictness of the *Saucier* rule: "On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 129 S.Ct. at 818.

"even law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity," *Id.*, because "all but the plainly incompetent or those who knowingly violate the law" are protected by qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In *Longoria v. Texas*, 473 F.3d 586 (5th Cir. 2006), the Fifth Circuit outlined the standard for prisoner failure to protect claims as follows:

> Under *Farmer* [*v. Brennan*, 511 U.S. 825 (1994)], an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to an inmate's safety. ... An official acts with the requisite deliberate indifference if he is aware of an excessive risk to inmate ... safety and disregards that risk. In this context, an officer's awareness of the risk is evaluated subjectively. The official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and must in fact also have drawn the inference. ... No liability exists, however, if an official reasonably responded to a known substantial risk, even if the harm was ultimately not averted.

*Id.* at 592-93 (internal quotations and citations omitted).

Deliberate indifference is a high standard for a section 1983 plaintiff to meet. It goes beyond mere negligence and requires a showing of "obduracy and wantonness, not inadvertance or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Verrette claims he has presented sufficient evidence for a jury to find deliberate indifference because Goodwin testified "that no number of batteries by an inmate could ever justify the inmate's removal from a field crew." [Doc. #192]. This Court is not persuaded.

Taking the evidence produced at trial in the light most favorable to Verrette, there is no basis for a reasonable jury to find Goodwin was deliberately indifferent towards Verrette's safety. Prisons are dangerous places housing dangerous people. It is unreasonable to believe persons overseeing the classification of inmates for work assignments and housing can prevent all potential prisoner-on-

prisoner violence. Although Cody had a long history of violence, and even if Goodwin knew about that history, placing Cody on a work crew does not rise to the level of deliberate indifference. "We are aware that 'the problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions' and that 'prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Hinojosa v. Johnson*, 270 Fed.Appx. 370, 378 (5th Cir. 2008) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). Even had Goodwin been negligent in approving Cody's classification, "the mere negligent failure to protect a prisoner from assault does not comprise a constitutional violation." *Id.* at 374. A reasonable person in Goodwin's position would have believed his conduct conformed to the constitutional standard set forth in *Longoria. Glenn*, 242 F.3d at 312. As Goodwin was neither plainly incompetent nor knowingly in violation of the law, he is entitled to qualified immunity. *Malley*, 475 U.S. at 341. Accordingly, Goodwin's motion for judgment as a matter of law is **GRANTED**.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE